UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

MEGAN KENNEDY, *et al.*,

                           Plaintiffs,

-versus-　　　　　　　　　　　　　　　　　　　　　　　　　　07 CIV 7678 (RJS)

THE CITY OF NEW YORK, *et al.*,　　　　　　　　　　　ECF CASE

                           Defendants.

------------------------------------------------------------------- x

## ANSWER

Defendant The City of New York ("Defendant"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint ("Complaint"), respectfully alleges, upon information and belief, as follows:

### AS TO THE "PRELIMINARY STATEMENT"

1. Defendant denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs seek relief.

### AS TO "JURISDICTION"

2. Defendant denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

### AS TO "JURY TRIAL DEMANDED"

3. Defendant denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs demand a trial by jury as stated therein.

### AS TO "VENUE"

4. Defendant denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiffs allege that venue is proper as stated therein.

## AS TO "PARTIES"

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Defendant denies the allegations set forth in paragraph "6" of the Complaint, except admits that The City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and that it maintains its police department consistent with all applicable laws.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admits that defendants ESSIG, DIECKMANN, COLGAN, DOEPFNER, SWEET, MARIN-JORDAN and COHEN are employed by the New York City Police Department ("NYPD").

## AS TO "STATEMENT OF RELEVANT FACTS"

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admits that the Republican National Convention (the "RNC") was held in New York City in late August and early September 2004.

9. Defendant denies the allegations set forth in paragraph "9" of the Complaint, except admits that people entered the roadway of Union Square East, some of them carried signs or banners, some were chanting and some were playing musical instruments.

10. Defendant denies the allegations set forth in paragraph "10" of the Complaint.

11. Defendant denies the allegations set forth in paragraph "11" of the Complaint, except admits that plaintiffs were charged with Parading without a Permit and Disorderly Conduct.

12. Defendant denies the allegations set forth in paragraph "12" of the Complaint.

13. Defendant denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiffs were processed at Pier 57.

14. Defendant denies the allegations set forth in paragraph "14" of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Defendant denies the allegations set forth in paragraph "16" of the Complaint.

### AS TO THE "FIRST CLAIM"

17. In response to the allegations set forth in paragraph "17" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of its Answer, as if fully set forth herein.

18. Defendant denies the allegations set forth in paragraph "18" of the Complaint.

19. Defendant denies the allegations set forth in paragraph "19" of the Complaint.

### AS TO THE "SECOND CLAIM"

20. In response to the allegations set forth in paragraph "20" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of its Answer, as if fully set forth herein.

21. Defendant denies the allegations set forth in paragraph "21" of the Complaint.

22. Defendant denies the allegations set forth in paragraph "22" of the Complaint.

### AS TO THE "THIRD CLAIM"

23. In response to the allegations set forth in paragraph "23" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of its Answer, as if fully set forth herein.

24. Defendant denies the allegations set forth in paragraph "24" of the Complaint.

25. Defendant denies the allegations set forth in paragraph "25" of the Complaint.

### AS TO THE "FOURTH CLAIM"

26. In response to the allegations set forth in paragraph "26" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of its Answer, as if fully set forth herein.

27. Defendant denies the allegations set forth in paragraph "27" of the Complaint.

28. Defendant denies the allegations set forth in paragraph "28" of the Complaint.

### AS TO THE "FIFTH CLAIM"

29. In response to the allegations set forth in paragraph "29" of the Complaint, Defendant repeats and re-alleges all of the preceding paragraphs of the Answer, as if fully set forth herein.

30. Defendant denies the allegations set forth in paragraph "30" of the Complaint.

31. Defendant denies the allegations set forth in paragraph "31" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

32. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

33. There was probable cause for plaintiffs' arrest, detention and prosecution.

## THIRD AFFIRMATIVE DEFENSE

34. Any and all injuries alleged in the Complaint were caused, in whole or in part, by plaintiffs' culpable, negligent or intervening conduct and were not the proximate result of any act of the Defendant.

## FOURTH AFFIRMATIVE DEFENSE

35. This action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

36. Defendant has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

37. Punitive damages are not recoverable against Defendant. Punitive damages cannot be recovered against the other defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

### SEVENTH AFFIRMATIVE DEFENSE

38. Defendant has not violated any rights, privileges or immunities secured to the plaintiffs under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor has Defendant violated any act of Congress.

### EIGHTH AFFIRMATIVE DEFENSE

39. At all times relevant to the acts alleged in the Complaint, Defendant acted reasonably in the proper and lawful exercise of its discretion.

### NINTH AFFIRMATIVE DEFENSE

40. At all times relevant to the acts alleged in the Complaint, Defendant acted reasonably in the proper and lawful exercise of its discretion. Therefore, Defendant is entitled to governmental immunity from liability.

### TENTH AFFIRMATIVE DEFENSE

41. Plaintiffs' claims are barred, in whole or in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §§ 50-e and 50-i.

### ELEVENTH AFFIRMATIVE DEFENSE

42. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claims are barred, in whole or in part, by the doctrine of absolute immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

44. Process and service of process upon one or more of the defendants were insufficient.

## FOURTEENTH AFFIRMATIVE DEFENSE

45. The Court lacks personal jurisdiction over one or more of the defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

46. The Court lacks subject matter jurisdiction.

## SIXTEENTH AFFIRMATIVE DEFENSE

47. To the extent that one or more of the defendants used any force, it was reasonable, necessary and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

## SEVENTEENTH AFFIRMATIVE DEFENSE

48. Plaintiffs failed to mitigate plaintiffs' damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

49. Plaintiffs consented to the acts about which plaintiffs complain.

## NINETEENTH AFFIRMATIVE DEFENSE

50. Plaintiffs' claims are barred, in whole or in part, by plaintiffs' contributory or comparative negligence and by plaintiffs' assumption of the risk.

## TWENTIETH AFFIRMATIVE DEFENSE

51. Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

52. Plaintiffs lack standing to demand declaratory or injunctive relief.

**WHEREFORE,** Defendant requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: October 24, 2007
      New York, New York

                MICHAEL A. CARDOZO
                Corporation Counsel of the City of New York
                *For Defendant The City of New York*

By: _____
                Raju Sundaran (RS 8011)
                Assistant Corporation Counsel
                Special Federal Litigation Division
                100 Church Street, Room 3-165
                New York, New York 10007
                Tel: 212-788-0467
                Fax: 212-788-9776

<u>07 CIV 7678(RJS)</u>

| |
|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** |
| MEGAN KENNEDY, *et al.*,<br><br>                              Plaintiffs,<br><br>             -against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>                              Defendants. |
| <u>**ANSWER**</u> |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Raju Sundaran*<br>*Tel: (212) 788-0467* |
| *Due and timely service is hereby admitted.*<br><br>*New York, New York   October 24, 2007*<br><br>*Raju Sundaran, Esq.*<br><br>*Attorney for Defendants* |