UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

MEGAN KENNEDY, *et al.*,

                       Plaintiffs,

    -versus-                                             **07 CIV 7678 (RJS)**

THE CITY OF NEW YORK, *et al.*,                     **ECF CASE**

                       Defendants.

------------------------------------------------------------------------ x

## ANSWER

Defendants The City of New York, Gerald Dieckmann and James Essig ("Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

### AS TO THE "PRELIMINARY STATEMENT"

1. Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiffs seek relief.

### AS TO "JURISDICTION"

2. Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiffs purport to invoke the Court's jurisdiction as stated therein.

### AS TO "JURY TRIAL DEMANDED"

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiffs demand a trial by jury as stated therein.

### AS TO "VENUE"

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiffs allege that venue is proper as stated therein.

## AS TO "PARTIES"

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Defendants deny the allegations set forth in paragraph "6" of the Complaint, except admit that The City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and that it maintains its police department consistent with all applicable laws.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admit that defendants ESSIG, DIECKMANN, COLGAN, DOEPFNER, SWEET, MARIN-JORDAN and COHEN are employed by the New York City Police Department ("NYPD").

## AS TO "STATEMENT OF RELEVANT FACTS"

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admit that the Republican National Convention (the "RNC") was held in New York City in late August and early September 2004.

9. Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit that people entered the roadway of Union Square East, some of them carried signs or banners, some were chanting and some were playing musical instruments.

10. Defendants deny the allegations set forth in paragraph "10" of the Complaint.

11. Defendants deny the allegations set forth in paragraph "11" of the Complaint, except admit that plaintiffs were charged with Parading without a Permit and Disorderly Conduct.

12. Defendants deny the allegations set forth in paragraph "12" of the Complaint.

13. Defendants deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiffs were processed at Pier 57.

14. Defendants deny the allegations set forth in paragraph "14" of the Complaint.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Defendants deny the allegations set forth in paragraph "16" of the Complaint.

## AS TO THE "FIRST CLAIM"

17. In response to the allegations set forth in paragraph "17" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of their Answer, as if fully set forth herein.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in paragraph "19" of the Complaint.

## AS TO THE "SECOND CLAIM"

20. In response to the allegations set forth in paragraph "20" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of their Answer, as if fully set forth herein.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint.

22. Defendants deny the allegations set forth in paragraph "22" of the Complaint.

## AS TO THE "THIRD CLAIM"

23. In response to the allegations set forth in paragraph "23" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of their Answer, as if fully set forth herein.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint.

## AS TO THE "FOURTH CLAIM"

26. In response to the allegations set forth in paragraph "26" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of their Answer, as if fully set forth herein.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint.

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint.

## AS TO THE "FIFTH CLAIM"

29. In response to the allegations set forth in paragraph "29" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of their Answer, as if fully set forth herein.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in paragraph "31" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

32. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

33. There was probable cause for plaintiff's arrest, detention and prosecution.

## THIRD AFFIRMATIVE DEFENSE

34. Any and all injuries alleged in the Complaint were caused, in whole or in part, by plaintiff's culpable, negligent or intervening conduct and were not the proximate result of any act of the Defendants.

## FOURTH AFFIRMATIVE DEFENSE

35. This action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

## FIFTH AFFIRMATIVE DEFENSE

36. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

37. Punitive damages are not recoverable against Defendant The City of New York. Punitive damages cannot be recovered against the other defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## SEVENTH AFFIRMATIVE DEFENSE

38. Defendants have not violated any rights, privileges or immunities secured to the plaintiffs under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress.

## EIGHTH AFFIRMATIVE DEFENSE

39. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of its discretion. Therefore, Defendants are entitled to governmental immunity from liability.

## NINTH AFFIRMATIVE DEFENSE

40. At all times relevant to the acts alleged in the Complaint, plaintiff was not engaged in any form of speech which is protected by the First Amendment.

### TENTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, by his failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §§ 50-e and 50-i.

### ELEVENTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred, in whole or in part, by the doctrine of absolute immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

44. Process and service of process upon one or more of the Defendants were insufficient.

### FOURTEENTH AFFIRMATIVE DEFENSE

45. The Court lacks personal jurisdiction over one or more of the Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

46. The Court lacks subject matter jurisdiction.

### SIXTEENTH AFFIRMATIVE DEFENSE

47. To the extent that one or more of the Defendants used any force, it was reasonable, necessary and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### SEVENTEENTH AFFIRMATIVE DEFENSE

48. Plaintiff failed to mitigate plaintiff's damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

49. Plaintiff consented to the acts about which plaintiff complains.

### NINETEENTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred, in whole or in part, by plaintiff's contributory or comparative negligence and by plaintiff's assumption of risk.

### TWENTIETH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

52. Plaintiff lacks standing to demand declaratory or injunctive relief.

**WHEREFORE,** Defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: January 8, 2008
    New York, New York

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
*Attorney For Defendants*

By: _____
Raju Sundaran (RS 8011)
Assistant Corporation Counsel
Special Federal Litigation Division
100 Church Street, Room 3-165
New York, New York 10007
Tel: 212-788-0467
Fax: 212-788-9776

7

07 CIV 7678(RJS)

| UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
|---|
| MEGAN KENNEDY, *et al.*,<br><br>                              Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, *et al.*,<br><br>                              Defendants. |
| **ANSWER** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Raju Sundaran*<br>*Tel: (212) 788-0467* |
| *Due and timely service is hereby admitted.*<br><br>*New York, New York   January 8, 2008*<br><br>*Raju Sundaran, Esq.*<br><br>*Attorney for Defendants* |