**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

MEGAN KENNEDY, *et al.*,

Plaintiffs,

-versus-

THE CITY OF NEW YORK, *et al.*,

Defendants.

---------------------------------------------------------------x

**CASE MANAGEMENT ORDER**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

07 CV 7678 (RJS)(JCF)

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court hereby enters its Case Management Order governing the foregoing case. This case arises from the arrest and detention of plaintiffs by the New York City Police Department around the time of the Republican National Convention in New York City in late August and early September 2004 ("RNC Cases").

In this case, defendants have answered and all of the material allegations in the complaint have been denied. Discovery is ongoing. In addition to this order, the parties agree to be bound by Discovery Order #1 (which provides for the consolidated depositions of certain defense witnesses); Discovery Order #2 (which provides for the scheduling of party depositions); Protective Order #1 (which provides for the confidential treatment of certain discovery materials) and all other orders entered in the consolidated RNC cases.

The Court is advised that the parties do not consent to trial of this case by magistrate judge. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. This order may be modified only by agreement of the parties, subject to the Court's approval, or upon a showing of good cause.

| *DATE DUE* | *PLEADINGS & DISCOVERY* |
|---|---|
| | The parties have agreed to dispense with initial disclosures and will commence discovery as described below. |
| 1/1/2008 | All written discovery requests, including document requests and interrogatories, shall have been served, except as provided below. |
| 1/15/2008 | All depositions of fact witnesses shall have been noticed. With respect to both fact and expert witnesses, unless the noticing party assents or the court orders otherwise, depositions of particular witnesses are not to be held until the party producing the witness has responded to any outstanding interrogatories and requests for documents pertaining to that witness. Once a party has completed the deposition of a witness, that party shall not later seek to re-depose that witness absent good cause. |
| 4/21<br>~~5/16~~/2008 | All fact discovery for plaintiffs and defendants in this case shall have been completed. |
| 4/21<br>~~6/30~~/2008 | Plaintiffs shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules. |
| 4/30<br>~~7/31~~/2008 | Depositions of plaintiffs' trial experts shall be completed. |
| 4/30<br>~~7/31~~/2008 | Defendants shall identify their expert witnesses for trial and provide the disclosures contemplated by the federal rules. |
| 5/30<br>~~8/29~~/2008 | Depositions of defendants' trial experts shall be completed. |
| 6/30<br>~~9/30~~/2008 | All contention interrogatories and requests to admit shall be served. |
| 7/31<br>~~10/31~~/2008 | All responses due to contention interrogatories and requests to admit. |

2

Counsel for the parties have discussed holding a settlement conference before a Magistrate Judge.  The parties do not request a settlement conference before a Magistrate Judge at this time.

Counsel for the parties have discussed the use of the Court's Mediation Program.  The parties do not request that the case be referred to the Court's Mediation Program.

Counsel for the parties have discussed the use of a privately retained mediator.  The parties do not intend to use a privately retained mediator.

### *DISPOSITIVE MOTIONS*

**8|29**
~~11/28/~~2008

All dispositive motions shall have been served on or before this date. Pursuant to the undersigned's Individual Practices, the parties shall request a pre-motion conference in writing at least four weeks prior to this deadline.

**9|30**
~~12/30/~~2008

Oppositions due to all dispositive motions.

**10|31**
~~1/30/~~2009

Replies, if any, due to all dispositive motions.

Within 30 days of the Court's ruling on dispositive motions

Should any part of the case remain after the Court's ruling on dispositive motions, a Pre-Trial Conference with the Court shall be held.  Prior to that conference, the parties shall consult and submit to the Court a Joint Pretrial Order prepared in accordance with the trial judge's Individual Practices and Rule 26(a)(3) of the Federal Rules of Civil Procedure.  If this action is to be tried before a jury, proposed *voir dire*, jury instructions and a verdict form shall be filed with the Joint Pretrial Order.  Counsel are required to meet and confer on the jury instructions and verdict form in an effort to make an agreed upon submission.

The parties have conferred and their present best estimate of the length of trial of each case is approximately 2-3 weeks.

### SO ORDERED

DATED:    New York, New York
April 8, 2008

_____
James C. Francis IV
United States Magistrate Judge