# EXHIBIT A

Case 1:07-cv-07678-RJS-JCF    Document 23-2    Filed 04/22/2008    Page 1 of 4



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

RAJU SUNDARAN
*Assistant Corporation Counsel*
Telephone: (212) 788-0467
Facsimile: (212) 788-9776
*rsundara@law.nyc.gov*

### *SUBMITTED UNDER SEAL – REFERS TO CONFIDENTIAL INFORMATION*

March 10, 2008

**VIA HAND DELIVERY**

The Honorable James C. Francis IV
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

      Re:    **Kennedy, et al., v. City of New York, et al., 07 Civ. 7678 (RJS)(JCF)**

Dear Judge Francis:

      On behalf of defendants, I write to request an order dismissing all claims of emotional distress damages of plaintiffs Megan Kennedy ("Kennedy") and Carre Adams ("Adams") (collectively "plaintiffs") with prejudice pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure. Both plaintiffs have asserted claims for damages based upon emotional injuries in their complaint and responses to defendants' interrogatories. Contrary to the long line of authority in the RNC cases, plaintiffs have steadfastly refused to provide defendants with any information and releases in order to access their mental health (and related pharmaceutical) records.

      In her Notice of Claim against defendant City of New York, plaintiff Kennedy asserts claims for "emotional, mental and psychological pain and suffering" and "embarrassment and humiliation" and seeks damages for "mental and psychological pain and suffering". See Kennedy's Notice of Claim at ¶¶ 2 and 4, a copy of which is attached as Exhibit A. In their complaint, plaintiffs claim to have suffered "pain and suffering", "emotional distress", "psychological injury" and "great humiliation". See Complaint at ¶¶ 19, 22, 25, 28 and 31, copies of selected paragraphs are collectively attached as Exhibit B.

Hon. James C. Francis IV
March 10, 2008
Page 2 of 3

In plaintiffs' responses to defendants' interrogatories, they claim to have experienced "emotional distress" as a result of their RNC arrest and detention and admit to having "been treated by mental health providers during the last ten years." See Interrogatory Response Nos. 2, 3. Copies of all relevant interrogatory responses are collectively attached as Exhibit C. Plaintiff Kennedy further admitted in an email document response to defendants' interrogatories to having been prescribed and taken anxiety medications during the RNC. See Exhibit C - Interrogatory Response No. 17 and corresponding email, a copy of which is attached as Exhibit D. Accordingly, plaintiffs have "placed [their] psychological condition squarely at issue," such that these records are plainly relevant in the defense of their claims. See Macnamara v. City of New York, 04 CV 9216 (July 11, 2007 JCF Order).

Notwithstanding, plaintiffs have affirmatively "decline[d] to provide releases concerning [mental health] treatment" and for any related pharmaceutical treatment. See Exhibit C - Interrogatory Response Nos. 3, 4. Plaintiffs' refusal to provide defendants with releases was confirmed by their counsel Michael L. Spiegel's email, dated February 29, 2008, stating in pertinent part, "Plaintiffs Kennedy and Adams maintain their positions re. providing releases for mental health records." A copy of Mr. Spiegel's February 29, 2008 email response and defendants' February 29, 2008 email request concerning plaintiffs' mental health releases is collectively attached as Exhibit E.

Judge Karas and Your Honor have already ruled that defendants are entitled to full disclosure of plaintiff's psychological history when a plaintiff puts his or her emotional condition at issue, thereby waiving the psychotherapist-patient privilege.[1] In particular, in the consolidated

---

[1] See Judge Karas' rulings in Macnamara v. City of New York (04 CV 9216) on August 29, 2005. Judge Karas held that "to the extent you are going to ask a jury to award damages from the anxiety as a form of psychological trauma [resulting from an arrest and detention], potentially a very serious form of psychological trauma. . . that puts into play any sort of psychological history that would explain what it is that might cause [a plaintiff's] anxiety." See id. Judge Karas added that "when you talk about general psychological damages, the history becomes relevant, and [the psychotherapist-patient privilege] is waived." See id. Judge Karas' and Your Honor's rulings are supported by a long line of authority in this district and the Second Circuit. See Jaffe v. Redmond, 518 U.S. 1, 15 n. 14 (1996) ("like other testimonial privileges, the patient may of course waive the protection [of the psychotherapist-patient privilege]"); n. 19 ("there are situations in which the [psychotherapist-patient] privilege must give way"); Oliphant v. Dept. of Trans., 05-CV-0618, 2006 WL 522126 *2 (2d Cir. Mar 3, 2006) (recognizing waiver of psychotherapist-patient privilege where plaintiff alleges emotional distress); Karl v. Asarco Inc., 98-CV-7535, 1998 U.S. App. LEXIS 32696, *4 (2d Cir Dec. 31, 1998) (affirming district court's order permitting discovery into [psychological] history because plaintiff waived his privilege by putting mental state into issue); Montgomery v. N.Y.S. Office of Mental Health, 00-CV-4189, 2002 U.S. Dist. LEXIS 5607, *1-4 (S.D.N.Y. Apr. 3, 2002) (claim for emotional distress waives psychotherapist-patient privilege); Murray v. Bd. of Edu., 199 F.R.D. 154-155 (S.D.N.Y. 2001) (emotional distress claim waived psychotherapist-patient privilege); McKenna v. Cruz, 98-CV-1853, 1998 U.S. Dist. LEXIS 18293, *6 (S.D.N.Y. Nov. 19, 1998) ("the majority of post-Jaffe cases hold that any claim for emotional or psychological injury waives the psychotherapist-patient privilege"); Sidor v. Reno, 95-CV-9588, 1998 U.S. Dist. LEXIS 4593, *2-3 (S.D.N.Y. Apr. 7, 1998) (finding waiver of psychotherapist-patient privilege based on inter alia plaintiff's seeking damages for emotional pain and suffering); Kerman v. City of New York, 96-CV-7865, 1997 U.S. Dist. 16841, *9, 11 (S.D.N.Y. Oct. 24, 1997) (finding waiver of psychotherapist-patient privilege by allegations of continued emotional damages); see also, E.E.O.C. v. Grief Bros. Corp., 218 F.R.D. 59, 64-65 (W.D.N.Y. 2003) (granting defendant's request to obtain medical authorizations for the release of psychological records because records were relevant to emotional distress claims); Wheeler v. East River Housing Corp., 95-CV-597, 1997 WL 33618, *1 (S.D.N.Y. Jan. 29, 1997) (granting defendant's motion to compel medical authorizations);

Continued...

Hon. James C. Francis IV
March 10, 2008
Page 3 of 3

RNC cases, plaintiffs who have alleged emotional distress damages have been compelled to: "(1) *identify all* providers who have provided them psychological or psychiatric counseling or treatment, (2) provide *releases* with respect to records maintained by these *providers*, and (3) provide *releases* for all *pharmacies* that have filled prescription drugs used by plaintiffs in connection with any psychological or emotional conditions."[2]

The Court has consistently and repeatedly dismissed emotional distress claims of plaintiffs who allege emotional injuries but refuse to provide defendants with releases in order to access their mental health and related pharmaceutical records. Macnamara v. City of New York, 04 CV 9216 (August 29, 2005 KMK Ruling); Hershey-Wilson v. City of New York, 05 CV 7026 (September 20, 2006 and September 25, 2007 KMK Orders and November 13, 2006 JCF Order); Cohen v. City of New York, 05 CV 6780 (September 25, 2007 KMK Order and November 17, 2006 JCF Order); Concepcion v. City of New York, 05 CV 8501 (October 24, 2006 and November 27, 2006 JCF Orders); Abdell v. City of New York, 05 CV 8453 (September 25, 2007 KMK Order and November 16, 2006, April 4, 2007 and December 19, 2007 JCF Orders); Adams v. City of New York, 05 CV 9484 (August 24, 2007 JCF Order); Eastwood v. City of New York, 05 CV 9483 (February 26, 2007 JCF Order); Sikelianos v. City of New York, 05 CV 7673 (November 1, 2007 JCF Order); and Tikkun v. City of New York, 05 CV 9901 (November 5, 2007 JCF Order).

For all of the reasons stated above, defendants respectfully request that the Court enter an order dismissing all claims of mental and emotional distress damages of plaintiffs Kennedy and Adams with prejudice.

Respectfully submitted,

Raju Sundaran (RS 8011)

cc: Michael L. Spiegel, Esq. (via facsimile and email)

---

Meisch v. Fifth Transoceanic Shipping Co. Ltd., 94-CV-0683, 1994 WL 582960, *1 (S.D.N.Y. Oct. 21, 1994) (granting defendant's motion to compel production of medical releases prior to deposition).

[2] See Your Honor's November 16, 2006 Order in Abdell v. City of New York, 05 CV 8453. Kennedy is another consolidated RNC action in which Mr. Spiegel (also counsel in Abdell and Adams), represents multiple plaintiffs.