

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | RAJU SUNDARAN<br>*Assistant Corporation Counsel*<br>Telephone: (212) 788-0467<br>Facsimile: (212) 788-9776<br>rsundara@law.nyc.gov |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08

May 16, 2008

**MEMO ENDORSED**

**VIA HAND DELIVERY**

The Honorable James C. Francis IV
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

      Re:    **Kennedy, et al., v. City of New York, et al., 07 Civ. 7678 (RJS)(JCF)**

Dear Judge Francis:

    Defendants write in further support of their April 18, 2008 letter to the Court and in opposition to the April 18, 2008 letter of Michael L. Spiegel, attorney for Janine Altongy ("Altongy"). On April 15, 2008, Altongy appeared for her deposition with her attorney, Susan Douglas Taylor (an attorney working with Mr. Spiegel in this case). In the course of her deposition, in the presence of her attorney and on the record, Altongy agreed to produce numerous photos taken during the RNC. They are photos of demonstrations, protests and arrests that are within her possession, custody or control but that she had not produced in response to defendants' document requests. In addition, Altongy agreed to return for the completion of her deposition after she had produced the photos. Defendants now renew their request that the Court issue an order compelling Altongy to produce to defendants all photos that she agreed to produce (and any others within her possession, custody or control); and compelling her to appear for the completion of her deposition.

*Altongy Has Agreed To Produce The Photos*
*And To Return For Her Deposition*

    During her deposition, Altongy produced a CD ROM containing 11 contact sheets (each containing approximately 36 one square inch black and white images of previously undisclosed photos taken near the vicinity of East 16th Street). Altongy testified at her deposition that she had approximately 50 additional rolls of film containing approximately 1800 photos taken by her

husband Eugene and her son Sam on August 29, 2004 (at the United for Peace and Justice March); on August 30, 2004 (at Eighth Avenue and 30th Street); in the afternoon of August 31, 2004 (at Church and Fulton); and on September 2, 2004 (outside Madison Square Garden). (See Exhibit A – April 15, 2008 Deposition of Janine Altongy ("Altongy Tr.") at pp. 44-47, 71-72).

Although defendants served Altongy with document requests that called for the production of such photos, as well as interrogatories seeking the identification of such photos, Altongy failed to produce or identify any of the photos in her sworn discovery responses. (See Exhibit B). Altongy did, however, produce *two* other photos after asserting a series of general objections. Altongy failed to comply with Discovery Order #2, which calls for the production of such information at least one week before the deposition. (See Exhibit C).[1] Altongy further failed to produce the photos although, according to her deposition, she advised her counsel long ago that she possessed them. (See Altongy Tr. at pp. 55-56).

At her deposition, Altongy willingly agreed to produce all of the foregoing RNC related photos. (See Altongy Tr. at pp. 112-118). Defendants permitted Altongy to take long breaks during her deposition, so she could consult with her attorney, husband and son, before agreeing to produce them. (See Altongy Tr. at pp. 111-112). Altongy did so and agreed to produce all of these items and appear for a continued deposition after she had produced the photos. (See Altongy Tr. at pp. 112-118). Altongy and her attorney confirmed on the record that the stipulated terms accurately reflected the parties' agreement. (See Altongy Tr. at p. 115). Defendants' April 18, 2008 letter simply set forth that agreement and all of its terms.

### *Plaintiff Should Be Compelled To Comply*

In light of this, defendants were surprised to see Mr. Spiegel's letter of April 18, 2008. After receiving that letter, defendants attempted to resolve these issues with Mr. Spiegel but have been unsuccessful. (See Exhibit D). Defendants then called to discuss these issues with Mr. Spiegel to ensure that he understood that the agreement had been reached directly with Altongy, in the presence of her attorney, and on the record. Nevertheless, Altongy has refused to comply.

Accordingly, defendants are left with no choice but to seek an order compelling full compliance with defendants' document requests and, separately, full compliance with the agreement reached with Altongy. To further assure compliance, and in light of Altongy's counsel's continued objections, defendants have served Eugene Richards and Sam Richards with

---

[1] According to her testimony, the photos are within her possession, custody or control. Altongy testified that she and her husband Eugene co-own a business, Eugene Richards, Inc. (the "family business") (See Altongy Tr. at pp. 69-70, 73). She testified that the family business has control and possession of all contact sheets, negatives, and rolls of film taken during the days of the RNC. (See Altongy Tr. at pp. 74, 76-77). She further testified that the family business is located within their home. (See Altongy Tr. at pp. 3, 77). As such, there can be no doubt that Altongy has possession, custody and control of all of the photos at issue here.

subpoenas calling for similar information. Copies of those subpoenas are attached hereto for the Court's convenience (See Exhibit E).

      For the foregoing reasons, defendants respectfully request that the Court order Altongy to produce all RNC related photos within her possession, custody and control; to produce all of the photos that are the subject of the agreement reached with defendants and to otherwise comply with the agreement; and to appear for her deposition on a date to be set by mutual agreement of counsel. Defendants will seek the cooperation of counsel to schedule the depositions sought by the subpoenas.

Respectfully submitted,

*[signature]*

Raju Sundaran (RS 8011)

cc: Michael L. Spiegel, Esq. (via email)

6/3/08

Application denied without prejudice to defendants seeking production of the photos by subpoena upon Eugene and/or Sam Richards.

SO ORDERED.

James C. Francis IV

USMJ

3